IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No. 3:22-cv-00047-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint.

## BACKGROUND

Plaintiff names as the sole defendant to this action the Federal Bureau of Investigation ("FBI"). Plaintiff alleges that on December 14, 2018, while he was in the custody of the Washington County Sheriff, an agent from the FBI read plaintiff his Miranda rights and interrogated plaintiff about a replica Secret Service badge plaintiff possessed. Plaintiff does not allege any criminal charges or conviction resulted from the interrogation. By way of remedy, plaintiff seeks money damages, a letter of apology, and expungement of any records.

1 - ORDER

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court held that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  Carlson v. Green, 446 U.S. 14, 18 (1980).  A Bivens action must be brought against the responsible federal official in his or her individual capacity.  Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).  However, absent a waiver, sovereign immunity shields the Federal Government and its agencies against suit, and the United States has not waived sovereign immunity with respect to constitutional claims for damages.  Federal Deposit Ins. Corp. v. Meyer,

510 U.S. 471, 475 (1993); Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991). Hence, Bivens does not authorize a suit against the government or its agencies for monetary relief. Meyer, 510 U.S. at 475; Thomas Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988. Plaintiff cannot state a claim for damages against the FBI upon which relief may be granted under Bivens.

Plaintiff alleges the FBI agent questioned him on December 14, 2018, and plaintiff signed his Complaint on January 6, 2022. Any claims arising out of the interrogation are time barred because the alleged interrogation took place more than two years before plaintiff initiated this action and plaintiff does not allege any facts warranting equitable tolling or equitable estoppel under Oregon law. See Van Strum v. Lawn, 940 F.3d 1134, 1139 (9th Cir. 2002) (federal courts apply the forum state's statute of limitations for Bivens actions, which in Oregon is two years from the date the cause of action accrues); Lugan v. Ford, 2016 WL 3287369, at *3 (D. Or. June 7, 2016) (limitation period is not tolled under Oregon law during a plaintiff's incarceration and the elements of equitable estoppel require that the defendant made a false representation to induce the plaintiff to allow the filing deadline to pass), aff'd 716 F. App'x 699 (9th Cir. 2018); Sopher v. Washington, 370 F. App'x 846, 847-48 (9th Cir. 2010) (holding that equitable estoppel requires conduct above and beyond the alleged wrongdoing that forms the basis of the claim). Accordingly, plaintiff's Complaint is untimely.

Finally, plaintiff is advised that any constitutional claims arising from conditions unrelated to the denial of medical treatment by a federal official may not be recognized under Bivens. The Supreme Court has recognized Bivens actions in only three contexts: under the Eighth Amendment for providing inadequate medical treatment to a federal prisoner, under the Fifth Amendment for gender discrimination in federal employment, and under the Fourth Amendment

3 - ORDER

for unlawful searches and seizures. See Carlson v. Green, 446 U.S. 14 (1980); Davis v. Passman, 442 U.S. 228 (1979); Bivens, 403 U.S. at 394-97. The Supreme Court "has consistently refused to extend Bivens to any new context or new category of defendants" and "expanding the Bivens remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017) (citations omitted). Ultimately, "a Bivens remedy will not be available if there are 'special factors counselling hesitation.'" Id.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this  24th  day of February 2022.

      /s/ Jolie A. Russo
      Jolie A. Russo
      United States Magistrate Judge

4 - ORDER